IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 1 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DERR STEEL ERECTION-SOUTHEAST, LLC,  )
13400 Trinity Boulevard                            )
Euless, Texas 76040                                   )

       Plaintiff,

v.

AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA,
Serve: Robert Deputy *(Registered Agent)*
       8403 Colesville Road
       Silver Spring, Maryland 20910

       Defendant.

)
)
)
)
)

CASE NUMBER   1:05CV01661

JUDGE: Reggie B. Walton

DECK TYPE: Contract

DATE STAMP: 08/19/2005

FULL
ACTION

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff DERR STEEL ERECTION - SOUTHEAST, LLC, by counsel

and states the following as its Complaint against Defendant AMERICAN CASUALTY

COMPANY OF READING, PENNSYLVANIA:

### NATURE OF THE ACTION

1.      In this civil action, the Plaintiff seeks damages and costs of suit, including

attorneys' fees, resulting from the Defendant's breach of contract.

2.      The Plaintiff also seeks recovery of monies owed as a proper claimant under a

Subcontract Payment Bond issued by Defendant, as corporate surety, for labor and materials

furnished by Plaintiff.

## PARTIES

3.     Plaintiff, Derr Steel Erection – Southeast, LLC. ("Derr Steel"), is a limited liability company organized and existing under the laws of the state of Texas, having its principal place of business in Euless, Texas.

4.     Defendant, American Casualty Company of Reading, Pennsylvania ("ACC"), is a corporation organized and existing under the laws of the state of Pennsylvania, and registered to do business in the District of Columbia. ACC's registered agent for service of process is Robert Deputy, 8403 Colesville Road, Silver Spring, Maryland, 20910.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy between the parties exceeds $75,000, exclusive of interest and costs.

6.     This Court has personal jurisdiction over the Defendant. ACC has consented to the jurisdiction of this Court with regard to claims arising out of its business activities within the District of Columbia (hereinafter the "District"). Furthermore, ACC has registered and obtained a license to do business in the District, has purposefully availed itself of the privilege of conducting its business activities within the District, and thus, has invoked the benefits and protections of its laws. Finally, because the Plaintiff's claims arise out of, relate to and result from the Defendant's contacts with the District, this Court properly exercises specific personal jurisdiction over the Defendant in this case.

7.     Venue of this action is proper pursuant to 28 U.S.C. § 1391(a)(2). A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the District. The construction project to which Plaintiff provided the labor, materials and equipment that is the

2

basis for Plaintiff's claims is located in the District.  Further, the Subcontract Payment Bond issued by Defendant relates to the construction project located in the District.  Finally, venue is proper because the Defendant's contacts within the District, as more specifically alleged above, would be sufficient to subject the Defendant to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS

8.     J.A. Jones/Tompkins Builders, Inc. ("Tompkins") entered into a general contract dated October 5, 2001 with Gallery Place Holdings, LLC (the "Owner") for the construction of Gallery Place Phase II at 707 7th Street, NW, Washington, D.C. 20001 (the "Project"). Tompkins subsequently entered into a subcontract dated June 17, 2002 (the "Subcontract") with Owen Steel Company ("Owen") for performance of the structural steel work on the Project.

9.     Pursuant to the terms of the Subcontract, Owen was required to furnish a subcontract payment bond to Tompkins, issued by a commercial surety, for the timely payment of all charges for labor, services, and materials furnished for the prosecution of the structural steel work.  In satisfaction of this requirement, American Casualty Company of Reading, Pennsylvania ("ACC"), Defendant, as corporate surety for Owen, issued Subcontract Payment Bond No. 929216855 (the "Bond") in the amount of ten million four hundred twenty-five thousand dollars ($10,425,000.00), on behalf of Owen as "Subcontractor" to assure payment to all claimants for "all labor and material used or reasonably required for use in the performance of the Subcontract".  A copy of the Bond is attached as Exhibit "A".

10.    The Bond defines a claimant as "one having a direct contract with the Subcontractor for labor or material, or both, used or reasonably required for use in the performance of the Subcontract, labor and material being construed to include, without limiting the generality thereof, that part of water, gas, power, light, heat, oil, gasoline, telephone service,

rental of equipment, services, insurance, bond, or supplies directly applicable to the Subcontract."

11.    Owen entered into a sub-subcontract with Derr Steel Erection – Southeast, LLC ("Derr Steel"), Plaintiff, dated June 17, 2002 (the "Sub-Subcontract") for the performance of structural steel erection work on the Project for the base price amount of Three Million Eight Hundred Thirty Thousand Nine Hundred and Thirty Dollars ($3,830,930.00).    The Sub-Subcontract was amended by various change orders, the last agreed change order being Change Order No. 15R, dated December 12, 2003, revising the Sub-Subcontract price to $4,040,992.

12.    Derr Steel performed additional steel erection work on the Project for Owen through Atlas Manufacturing, Inc. ("Atlas"), for the fixed price of one hundred seventy-five thousand dollars ($175,000.00).    This work consisted of the installation of metal deck and concrete shear anchors.

13.    Tompkins provided insurance coverage for all subcontractors performing work on the Project, regardless of the subcontracting level, through a Contractor Controlled Insurance Program ("CCIP").    The insurance premium cost of subcontractor participation was deducted during the course of the construction of the Project from periodic progress payments made to the subcontractors.    A close-out audit of the actual premium cost for each subcontractor was performed by Tompkins to determine the final amount due Tompkins or any premium credit due the subcontractor, based upon the actual labor furnished by the subcontractor to the Project.

14.    Derr Steel performed its scope of work at the Project site and participated as a sub-subcontractor in Tompkins' CCIP.    The close-out audit performed by Tompkins determined that Derr Steel's final CCIP premium cost was $514,183.00.    During the course of the construction of the Project, the sum of $537,215 was withheld from progress payments otherwise

due Derr Steel as interim CCIP premium payments for Derr Steel. Based upon the final premium cost determination, Derr Steel is due the sum of $23,032 as reimbursement of over withheld monies from Derr's progress payments.

15.    During the course of the construction of the Project, Owen defaulted in the performance of its subcontract and ACC, as Owen's Performance Bond surety, was called upon to take over and provide for completion of Owen's Subcontract obligations. In connection with taking over the Subcontract between Owen and Tompkins, ACC assumed the Sub-Subcontract between Owen and Derr Steel. Subsequent to such assumption of the Sub-Subcontract, ACC made payment directly to Derr Steel for work performed by Derr Steel on the Project. The last payment made by ACC to Derr Steel was in the amount of $700,000.

16.    After allowing for all change orders and other adjustments to the Sub-Subcontract, including all offsets and credits, Derr Steel remains unpaid the sum of $295,254 for the work it has performed on the Project. This sum has remained due, owing and unpaid despite the written demand by Derr Steel to ACC for such payment. Derr Steel has fully performed the Sub-Subcontract and all conditions precedent to Derr Steel's right to payment of this unpaid amount have occurred.

## CAUSES OF ACTION

### COUNT I
### (Payment, Bond Claim)

17.    Derr Steel repeats and incorporates by reference the allegations contained in paragraphs 1 through 16 as if set forth in full herein.

18.    Derr Steel, as a direct subcontractor to Owen who furnished labor and equipment to the Project to perform a portion of the work required under Owen's Subcontract with

Tompkins, is a proper claimant under the Bond issued by ACC on behalf of Owen for the Project.

19.    Under the terms of the Bond, ACC, as corporate surety, is obligated to pay claimants for "all labor and material used or reasonably required for use in the performance of the Subcontract". Derr Steel has presented its claim to ACC for payment of the amount due, owing and unpaid for the labor and material furnished by Derr Steel that was used or reasonably required for use in the performance of the Subcontract.    Despite Derr Steel's proper presentation of its claim and demand for payment pursuant to the terms of the Bond, ACC has wrongfully refused to pay Derr Steel the amount it is due and owing pursuant to the terms of the Bond.

20.    The Bond issued by ACC, as corporate surety, to Tompkins, the named obligee, grants a right to payment and a direct right of action under the Bond to all proper claimants. Thus, claimants such as Derr Steel are expressly recognized as third party beneficiaries of the Bond by virtue of the rights to payment and suit on the Bond that are conferred on such claimants. ACC has failed and continues to refuse to pay Derr Steel's claim and thus Derr Steel has the right to bring this cause of action under the Bond for recovery of the amount due Derr Steel for the labor and material it furnished to the Project pursuant to the terms of the Sub-Subcontract. All conditions set forth in the Bond applicable to this cause of action have occurred.

21.    As a direct, proximate, and foreseeable result of ACC's conduct, Derr Steel has suffered damages in an amount of at least $295,254 to be proven at trial.

## COUNT II
### (Breach of Contract)

22.     Derr Steel repeats and incorporates by reference the allegations contained in paragraphs 1 through 21 as if set forth in full herein.

23.     When ACC took over Owen's Subcontract and sought completion of Owen's work on the Project, ACC requested that Derr Steel ratify the Sub-Subcontract and agree to ACC's assumption of the Sub-Subcontract from Owen. Derr Steel ratified the Sub-Subcontract and agreed to ACC's assumption of all of Owen's rights, duties and obligations under the Sub-Subcontract, including the duty and obligation to make payment to Derr Steel for work performed on the Project. Derr Steel has fully performed its Sub-Subcontract and has submitted its written demand for final payment to ACC.

24.     Derr Steel is entitled to final payment of all unpaid amounts due and owing under the Sub-Subcontract. Despite Derr Steel's written demand to ACC for payment of the amount due and owing under the Sub-Subcontract, Derr Steel remains unpaid. ACC's wrongful refusal and failure to pay Derr Steel the amount due and owing under the Sub-Subcontract is a breach of ACC's duties and obligations under the written agreement assumed by ACC. All conditions precedent to Derr Steel's right of payment under the Sub-Subcontract have been performed or have occurred, or in the alternative, Defendant ACC has by its actions waived, excused or prevented performance of any such conditions.

25.     As a direct, proximate, and foreseeable result of Defendant ACC's breach of the Sub-Subcontract, Derr Steel has suffered damages in an amount of at least $295,254 to be proven at trial.

## COUNT III
### (Bad Faith Failure To Settle and Pay Claim)

26.    Derr Steel repeats and incorporates by reference the allegations contained in paragraphs 1 through 25 as if set forth in full herein.

27.    Under the terms of the Bond, ACC, as a corporate surety, promised to pay the claims of all proper claimants.  This promise to pay claims of proper claimants creates an implied covenant of good faith and fair dealing on the part of ACC in its investigation, settlement, and payment of claims.  This duty of good faith includes an obligation on the part of ACC to act reasonably in its investigation, settlement and payment of claims.

28.    ACC has not acted reasonably in its investigation and settlement of Derr Steel's claim under the Bond.  ACC has taken an unreasonable amount of time to investigate Derr Steel's claim.  ACC has refused to diligently investigate, settle and pay Derr Steel's claim. ACC's continued refusal to act reasonably in the investigation, settlement and payment of Derr's claim constitutes a breach of the implied covenant of good faith and fair dealing.  Accordingly, Derr Steel has a common-law right of action for bad faith against ACC for the breach of its implied covenant of good faith and fair dealing resulting from ACC's unreasonable investigation, unreasonable settlement and refusal to pay Derr Steel's claim under the Bond.

29.    As a direct, proximate, and foreseeable result of ACC's breach of its duties with respect to Derr Steel's claim, Derr Steel has suffered damages in an amount of at least $295,254 to be proven at trial.

WHEREFORE, Derr Steel respectfully demands judgment in its favor:

1.        On Counts I, II, and III and against Defendant ACC in an amount of no less than $295,254 to be proven at trial, plus pre and post

8

judgment interest, in addition to any and all costs and fees allowed under the law;

2.   And against Defendant ACC for punitive damages for the bad faith actions of Defendant ACC; and

3.   Granting Plaintiff Derr Steel such other and further relief as this Court may deem just and proper together with costs, legal fees and expenses allowable under the law.

## JURY DEMAND

Plaintiff Derr Steel Erection – Southeast, LLC hereby demands trial by jury.

DERR STEEL ERECTION –
SOUTHEAST, LLC
By Counsel

KASIMER & ANNINO, P.C.

Stephen J. Annino, Esq. (DC Bar # 390252)
Gina L. Schaecher, Esq. (DC Bar # 474018)
7653 Leesburg Pike
Falls Church, Virginia 22043
(703) 893-3914 Phone
(703) 893-6944 Fax
sannino@kasannlaw.com
gschaecher@kasannlaw.com

*Of Counsel*
Terry L. Salazar, Esq.
Quilling Selander Cummiskey
& Lownds PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1857 Phone
(214) 871-2111 Fax
tsalazar@qsclpc.com

Dated:  August 18, 2005
P:\Docs\Derr Steel\Gallery Place\Final Derr Steel Complaint American Casualty Co. Gallery Place.doc

9