no. 929216855                    SUBCONTRACT PAYMENT BOND

KNOW ALL MEN BY THESE PRESENTS: that Owen Steel Company, 727 Mauney Drive, Columbia, SC, 29201 as Principal, hereinafter called Subcontractor, and:

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, CNA PLAZA, CHICAGO, IL 60685

as Surety, hereinafter called Surety, are held and firmly bound unto J.A. Jones/Tompkins Builders, Inc., 1333 H Street N. W., Washington, DC 20005 as Obligee, hereinafter called General Contractor, in the amount of Ten million four hundred twenty-five thousand dollars ($10,425,000.00) for the payment whereof Subcontractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Subcontractor has by written agreement dated 6/17/2002 entered into a subcontract with General Contractor for a portion of the work agreed to be performed by General Contractor on a project known as Gallery Place Phase II, 707 7th Street NW, Washington, DC 20001 which subcontract, as duly modified or amended from time to time, is by reference made a part hereof, and is hereinafter, referred to as the Subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Subcontractor shall promptly make payment (a) to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Subcontract, and (b) to all other persons, firms, or corporations furnishing such labor or material for which Subcontractor is, and General Contractor may become, obligated to make payment, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1) A claimant is defined as one having a direct contract with the Subcontractor for labor or material, or both, used or reasonably required for use in the performance of the Subcontract, labor and material being construed to include, without limiting the generality thereof, that part of water, gas, power, light, heat, oil, gasoline, telephone service, rental of equipment, services, insurance, bond, or supplies directly applicable to the Subcontract.

2) The above named Subcontractor and Surety hereby jointly and severally agree with the General Contractor that every claimant as herein defined, who has not been paid in full before, the expiration of a period of ninety (90) days after the date on which the last of such claimant's work was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgement for such sum or sums as may be justly due claimant, and have execution thereon. The General Contractor shall not be liable for the payment of any costs or expenses of any such suit.

3) No suit or action shall be commenced hereunder by any claimant:

a) After the expiration of one (1) year following the date on which Subcontractor ceased Work on said Subcontract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law; or

b) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4) The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.

Signed and sealed this ___1st___ day of November 2002 _____,

Attach valid Corporate Power of Attorney Form.

THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE GENERAL CONTRACTOR CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE SUBCONTRACT.

OWEN STEEL COMPANY

(Principal)                    (Seal)

VICE PRESIDENT
(Title)

_____ (Witness)

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA

(Surety)                       (Seal)

Giuseppina Sauro
(Title)

_____ (Witness)

Form No. 0177-GEN-815 JAN/95

**FILED**

AUG 1 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

Know All Men By These Presents, That Continental Casualty Company, an Illinois corporation, National Fire Insurance Company of Hartford, a Connecticut corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation (herein called "the CNA Companies"), are duly organized and existing corporations having their principal offices in the City of Chicago, and State of Illinois, and that they do by virtue of the signatures and seals herein affixed hereby make, constitute and appoint

Johanne Sauvageau, Giuseppina Sauro, Individually

of Montreal, Quebec

their true and lawful Attorney(s)-In-Fact with full power and authority hereby conferred to sign, seal and execute for and on their behalf bonds, undertakings and other obligatory instruments of similar nature

— In Unlimited Amounts —

and to bind them thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of their corporations and all the acts of said Attorney, pursuant to the authority hereby given is hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the By-Law and Resolutions, printed on the reverse hereof, duly adopted, as indicated, by the Boards of Directors of the corporations.

In Witness Whereof, the CNA Companies have caused these presents to be signed by their Vice President and their corporate seals to be hereto affixed on this 5th day of July, 2002.

Continental Casualty Company
National Fire Insurance Company of Hartford
American Casualty Company of Reading, Pennsylvania

Michael Gengler            Group Vice President

State of Illinois, County of Cook, ss:

On this 5th day of July, 2002, before me personally came Michael Gengler to me known, who, being by me duly sworn, did depose and say: that he resides in the City of Chicago, State of Illinois; that he is a Group Vice President of Continental Casualty Company, an Illinois corporation, National Fire Insurance Company of Hartford, a Connecticut corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation described in and which executed the above instrument; that he knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed pursuant to authority given by the Boards of Directors of said corporations and that he signed his name thereto pursuant to like authority, and acknowledges same to be the act and deed of said corporations.

"OFFICIAL SEAL"
DIANE FAULKNER
Notary Public, State of Illinois
My Commission Expires 9/17/05

My Commission Expires September 17, 2005     Diane Faulkner     Notary Public

### CERTIFICATE

I, Mary A. Ribikawskis, Assistant Secretary of Continental Casualty Company, an Illinois corporation, National Fire Insurance Company of Hartford, a Connecticut corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation do hereby certify that the Power of Attorney herein above set forth is still in force, and further certify that the By-Law and Resolution of the Board of Directors of the corporations printed on the reverse hereof is still in force. In testimony whereof I have hereunto subscribed my name and affixed the seal of the said corporations this ___1st___ day of ___November___, _2002_.

Continental Casualty Company
National Fire Insurance Company of Hartford
American Casualty Company of Reading, Pennsylvania

Mary A. Ribikawskis            Assistant Secretary

Rev. 10/11/01


Authorizing By-Laws and Resolutions

ADOPTED BY THE BOARD OF DIRECTORS OF CONTINENTAL CASUALTY COMPANY:

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the Company.

"Article IX—Execution of Documents

Section 3. Appointment of Attorney-in-fact. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President or the Board of Directors, may, at any time, revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 3 of Article IX of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

ADOPTED BY THE BOARD OF DIRECTORS OF AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA:

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the Company.

"Article VI—Execution of Obligations and Appointment of Attorney-in-Fact

Section 2. Appointment of Attorney-in-fact. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The President or any Executive, Senior or Group Vice President may at any time revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 2 of Article VI of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

ADOPTED BY THE BOARD OF DIRECTORS OF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD:

This Power of Attorney is made and executed pursuant to and by authority of the following Resolution duly adopted on February 17, 1993 by the Board of Directors of the Company.

"RESOLVED: That the President, an Executive Vice President, or any Senior or Group Vice President of the Corporation may, from time to time, appoint, by written certificates, Attorneys-in-Fact to act in behalf of the Corporation in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such Attorney-in-Fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Corporation by their signature and execution of any such instrument and to attach the seal of the Corporation thereto. The President, an Executive Vice President, any Senior or Group Vice President or the Board of Directors may at any time revoke all power and authority previously given to any Attorney-in-Fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 17th day of February, 1993.

"RESOLVED: That the signature of the President, an Executive Vice President or any Senior or Group Vice President and the seal of the Corporation may be affixed by facsimile on any power of attorney granted pursuant to the Resolution adopted by this Board of Directors on February 17, 1993 and the signature of a Secretary or an Assistant Secretary and the seal of the Corporation may be affixed by facsimile to any certificate of any such power, and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Corporation. Any such power so executed and sealed and certified by certificate so executed and sealed, shall with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Corporation."